UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| STEPHEN HAMER, | ) | |
| an individual, | ) | Case No: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| MCDONALD'S CORPORATION | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, STEPHEN HAMER, an individual, by and through his undersigned counsel, hereby files this original Complaint and sues MCDONALD'S CORPORATION (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("Americans with Disabilities Act" or "ADA"), and alleges as follows:

## JURISDICTION AND PARTIES

1.   This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.   This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

3.   This Court has jurisdiction to issue declaratory and injunctive relief pursuant to 28

U.S.C. § 2201 and 2202, and Rule 56 of the Federal Rules of Civil Procedure.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.      Plaintiff, STEPHEN HAMER, (hereinafter referred to as "MR. HAMER") is a resident of Trinidad, Colorado. MR. HAMER resides at the Corazon Square Apartments, located at 201 Raton St., Trinidad, Colorado 81082.

6.      MR. HAMER is a qualified individual with a disability under the ADA. MR. HAMER has severe bilateral ankle problems.

7.      Due to his disability, MR. HAMER is substantially impaired in several major life activities. Specifically, MR. HAMER uses an electric wheelchair or scooter for mobility due to his disability. MR. HAMER cannot ambulate without the assistance of a wheelchair or scooter.

8.      Upon information and belief, DEFENDANT is a company organized in the State of Delaware.

9.      Upon information and belief, DEFENDANT is authorized to do business in the State of Colorado and is actually doing business in Las Animas County.

10.     Upon information and belief, DEFENDANT is the owner and operator of the real properties and improvements which are the subject of this action, to wit: McDonald's, located at 322 Nevada Ave., Trinidad, CO 81082 (hereinafter referred to as "the Property").

11.     Upon information and belief, DEFENDANT operates a fast food restaurant out of the Property.

12.     DEFENDANT is responsible for complying with the obligations of the ADA.

13.     All events giving rise to this lawsuit occurred in Las Animas County, District of Colorado.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

14.     MR. HAMER realleges and reavers paragraphs 1-13 as if they were expressly restated herein.

15.     The Property is a place of public accommodation, subject to the ADA, generally located at: 322 Nevada Ave., Trinidad, CO 81082.

16.     The Property is a place of public accommodation and DEFENDANT operates a fast-food restaurant out of the Property.

17.     Upon information and belief, on or about November 15, 2016, MR. HAMER visited the Property out of a desire to eat at the McDonald's Restaurant.

18.     During the Visit to the Property, MR. HAMER experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 23 of this Complaint.

19.     MR. HAMER continues to desire to visit the Property, but fears he will continue to experience serious difficulty due to the barriers discussed below in Paragraph 23, which still exist.

20.     MR. HAMER lives within a close proximity of the Property, MR. HAMER lives less than half of a mile from the Property.

21.     MR. HAMER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

3

22. MR. HAMER also intends on traveling to the Property as an ADA tester in the near future to see if the barriers to access described in Paragraph 23 still exist or have been modified.

23. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. HAMER due to, but not limited to the following barriers which MR. HAMER personally observed and/or encountered which hindered his access:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    a. There is an impermissible cross-slope at the accessible-designated parking spaces;

    b. The access aisle from the accessible-designated parking spaces does not lead to a curb cut;

    c. There is an impermissible cross-slope on the accessible route that connects the public sidewalk to the facility's entrance;

    d. There is no accessible seating within the facility;

    e. The condiments counter is inaccessible;

    f. There is a door post in the middle of the main entrance, causing the entry way to be impermissibly narrow;

    g. There is insufficient clear floor turning space inside the entrance;

    h. The pull side of the front door is located too close to the finished wall to allow for adequate maneuvering clearance.

    i. Due to the barrier described in paragraph 23(I)(f) above, the sole method of entry

to the facility is via the area where the playground once was. However, the ground surface is not sufficiently hard and is therefore difficult to navigate in a wheelchair;

j. Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

24. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though their removal is readily achievable.

25. MR. HAMER demands a full and complete inspection of this Property for all mobility-related ADA barriers.

26. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

27. Upon information and belief, removal of the barriers to access located at the Property would provide MR. HAMER an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

28. Independent of his intent to return as a patron to the Property, MR. HAMER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

29. MR. HAMER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. HAMER is entitled to have his

reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

30.     DEFENDANT has discriminated against MR. HAMER by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

## PRAYER FOR RELIEF

WHEREFORE, MR. HAMER prays that:

A.     That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of Title III of the ADA;

B.     That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the DEFENDANT bring its policies and actions into compliance with the ADA;

C.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. HAMER; and

D.     That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

BIZER & DEREUS
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

***AND***

Colorado Legal Associates
Matthew J. Greife (CO # 43487)
mgreife@uga.edu
1550 Wewatta Street - 2nd Floor
Denver, CO 80202
T: 612-964-5071


By:/s/ Andrew D. Bizer
        ANDREW D. BIZER




**CERTIFICATION OF GOOD STANDING**

        I hereby certify that I am a member in good standing of the bar of the United States District Court for the District of Colorado, and I appear in this case as counsel for Stephen Hamer.

                                    By:/s/ Andrew D. Bizer
                                            ANDREW D. BIZER